**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782

August 31, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:  *Iris C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-3183-BAH

Dear Counsel:

Before the Court is a motion by Theodore A. Melanson, Esq., requesting attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff Iris C. in a Supplemental Security Income Appeal before this Court. ECF 22.  The Social Security Administration ("SSA") "neither supports nor opposes counsel's request for attorney's fees" but asks the Court to consider whether Mr. Melanson's requested amount of $30,818.62 constitutes a reasonable fee.  ECF 23, at 1–2.  Mr. Melanson did not file a reply.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons set forth below, Mr. Melanson's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On November 14, 2022, I awarded Mr. Melanson $4,904.82 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF 21.  This award was to compensate Mr. Melanson for "21 hours" of work performed on Plaintiff's behalf.  ECF 18-2, at 2.  Plaintiff subsequently received an Award Notice, in which she was awarded past due benefits in the amount of $123,274.49.  ECF 22-2, at 1.  Mr. Melanson filed a Motion for Attorney's Fees, seeking to collect twenty-five percent of that amount ($30,818.62).  ECF 22.  Mr. Melanson agrees to reimburse Plaintiff the $4,904.82 he previously received in EAJA fees.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits.  42 U.S.C. § 406(b).  Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved."  *Id.* at 808.  Further, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney.  *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)).  Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge.  *Id.*

Here, it is uncontested that Mr. Melanson and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Melanson twenty-five percent of all retroactive

*Iris C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-3183-BAH
August 31, 2023 Letter Opinion
Page 2

benefits to which Plaintiff might become entitled. ECF 18-4. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Melanson submitted a sworn affidavit reflecting that he "spent a total of 21 hours in this case representing Plaintiff" before this Court in Plaintiff's case. ECF 18-7, at 2. If Mr. Melanson receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,467.55 per hour. Mr. Melanson must therefore show that an effective rate of this amount is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Melanson has been practicing Social Security law "since December, 2014." ECF 18-7, at 2. As such, the requested fee results in more than four times the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court. *See* Loc. R. App. B (D. Md. 2023).[1] Though it is customary in Social Security cases for courts to approve significantly higher rates, *see Trenton A. v. Comm'r, Soc. Sec. Admin.*, No. JMC-19-1568, 2022 WL 7099730, at *2 (D. Md. Jan. 27, 2022), Mr. Melanson's requested rate of $1,467.55 exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in similar cases. "Hourly rates exceeding $1,000 are the exception, not the rule." *Willie B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-2973, 2023 WL 3950112, at *2 (D. Md. June 12, 2023) (finding that an effective rate of $1,231.78 per hour was unreasonable). Mr. Melanson has undoubtedly provided an effective performance in this case, as evidenced by the substantial past-due benefit awarded to his client. However, as noted by Judge Gallagher in several recent cases presenting similar fee requests, awarding $30,818.62 for 21 hours of work in this case would result in a windfall. *See Larry D. v. Comm'r, Soc. Sec. Admin.*, No. SAG-19-70, 2023 WL 3689571, at *2 (D. Md. May 26, 2023) (finding an effective rate of $1,687.66 "would result in a windfall"); *Wendy M. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3376, 2023 WL 362810, at *1 (D. Md. Jan. 23, 2023) (finding same for $1,375.19 per hour); *Everlena G. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-00784, 2023 WL 424427, at *1 (D. Md. Jan. 26, 2023) (finding same for effective rate of $1,284.65 per hour). Instead, I find that an award of $23,100, which is almost four times the top hourly rate for an attorney of Mr. Melanson's experience level,[2] reasonably compensates Mr. Melanson for the time he spent on Plaintiff's case. *See Hunter v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while

---

[1] Although they do not explicitly govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in other types of cases are instructive in evaluating the reasonableness of the effective hourly rate here. For attorneys "admitted to the bar for [between] five (5) to eight (8) years, like Mr. Melanson, the presumptively reasonable hourly rate is between $165.00 and $300.00 per hour. Loc. R. App. B (D. Md. 2023). Mr. Melanson's stated hourly billing rate of $300.00 falls within this range. *See* ECF 18-7, at 2.

[2] In December of 2024, Mr. Melanson will have been admitted to the bar for nine (9) years. Under the Local Rules, his presumptive hourly rate will increase to between "$225–350." Loc. R. App. B (D. Md. 2023). The instant award is still nearly three times the top end of that range.

*Iris C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-3183-BAH
August 31, 2023 Letter Opinion
Page 3

noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

    For the reasons set forth herein, this Court GRANTS IN PART and DENIES IN PART Mr. Melanson's request for attorney's fees, ECF 22. This Court will award Mr. Melanson attorney's fees totaling $23,100, and Mr. Melanson is directed to reimburse to Plaintiff the $4,904.82 Mr. Melanson received pursuant to the EAJA.

    A separate implementing Order follows.

                      Sincerely,

                        /s/

                      Brendan A. Hurson
                      United States Magistrate Judge